JAS. HARLAN'S ADMR. *v.* ORLANDO BROWN.

**Sale of Land — Vendor's Lien — Dower.**

> There is a most important distinction between equitable liens, to secure purchase money, where the legal title has been conveyed and where the legal title has been reserved until the purchase money has been paid. In the former case, he has parted with both the legal and equitable title; in the latter he retains the legal title as security for the purchase money.
>
> Vendor retaining the legal title is placed on the footing of a mortgagee who has taken a mortgage as security for the purchase money.
>
> The vendor's lien has been abolished by statute (unless preserved in the deed) but the right of the vendor who retains the legal title as security is of an entirely different nature, and the vendee's purchaser takes only the vendee's equitable right to have a conveyance on payment of the purchase price.
>
> When the vendor retains the legal title as security for the purchase money, nothing but an absolute payment of the purchase price will authorize a court to compel him to surrender his title to the vendee or his assigns.
>
> In this State the assignment of a note for purchase money is an assignment of a lien *pro tanto* of the lien upon the land, but if the note is assigned without recourse the lien is gone; the vendor not being liable he cannot hold the lien to indemnify him.
>
> The widow's dower is prior and superior to a claim for unpaid purchase money. (See original opinion, p. 392.)

APPEAL FROM FRANKLIN CIRCUIT COURT.

January 31, 1867.

RESPONSE AND MODIFICATION BY JUDGE WILLIAMS:

In Anthony *v.* Smith, 9 Humph. 511, the Supreme Court of Tennessee held that where Anthony had sold Smith a tract of land and for unpaid purchase money took his three several bills of exchange payable yearly, and executed his bond for a title to be made on payment of said bills, afterward Anthony accepted the assignment of a note which Smith held on Harrison, and sur-

rendered up the three bills of exchange, Harrison proving insolvent the note was not collected, the court said:

> "There is a most important distinction between equitable liens which the law gives the vendor to secure the purchase money where the legal title has been conveyed, and that security which he provides for himself by the reservation of the legal title until the purchase money is paid. In the former case, he has parted with both the legal and equitable estate; in the latter, he remains clothed with the legal title, which the law will intend to have been retained as an absolute security for the purchase money. In the case of Grayham v. Campbell, May, 52, 56, a vendor retaining the legal title is placed upon the footing of a mortgagee. who has taken a mortgage as security for the purchase money; and the analogy is certainly correct." * * *

Smith's liability was not discharged by the substitution (of Harrison's note); he still stood bound (on his assignment) for the debt in case of the insolvency of the makers, or their failure to pay upon due diligence being used to collect the money. In Watson v. Millard, 9 Bow. 95, the Supreme Court of Pennsylvania held where the vendor had given a title bond and not a deed and the vendee had executed his notes for a part of the purchase price and afterward deposited with the vendor as collateral security obligations on other persons, and the vendor subsequently made the vendee his agent to collect these collaterals which the vendee did but failed to pay the money to the vendor, and having become insolvent his judgment creditors insisted this was a payment to the vendor and reduced his lien upon the land and enlarged the interest of the vendee which should be subjected to the payment of his judgment creditors, the court said:

> "The fallacy of the supposition lies in a notion that payments were to be made as much for the benefit of Millard's creditors as of Cowden (the vendor), though he was not bound to consult them or know them. He had no interest in common with them, and having to deal with his debtor, not with them, he was not at liberty to make such arrangements with him as suited their mutual convenience, without regard to the interest or convenience of any one else."

In Bradford *v.* Harper et al., 25 Ala. 347, the Supreme Court of Alabama held that where the vendor had given his title bond which had been several times assigned until it was owned by one Neves, and the possession of the land had been delivered, and Bradford, the first vendor, had obtained Neves' note for the unpaid purchase price which he transferred to Taylor, and took from him promissory notes and bills of exchange on other persons, also another tract of land, and which notes Neves had taken up from Taylor, but it appearing that Taylor was a joint owner of the land bought from Bradford and the parties to the bill of exchange insolvent, the court said:

> "That if Neves and Taylor were jointly concerned in the purchase, although by a verbal arrangement between them, and Taylor acting for both caused the bill to be executed and took up the old note, without any *express agreement* on Bradford's part to receive it in *absolute* payment and thereby to abandon the lien, he still has a right to look to the land to pay the balance due."

In 20 U. S. Dig. 633, notes 170, 171, is found an abstract from the decision of the Supreme Court of Virginia. Yancy *v.* Monk, 15 Gratt. 300.

> "The vendor's lien has been abolished by statute, but the right of the vendor who retains the legal title as security is of an entirely different nature, and the vendee's purchasers take only the vendee's equitable right to have a conveyance upon payment or satisfaction of the price.
> "In this case the conveyance was not to be made until the price was paid; the vendee gave his bond therefor to the vendor; afterward he gave his bond, with the vendor as security, to one of the vendor's creditors and the former bond was thereupon canceled; the vendee failed, and the vendor paid the bond to the creditor. Held, that by this mere shifting of the securities the price was not satisfied, and the vendor should hold the land until payment as against the vendee's grantees and creditors."

These cases clearly indicate the same general principle, that when the vendor retains the legal title as surety for the purchase money nothing but an absolute payment of the purchase price

authorizes the court to compel him to surrender that title to the vendee, his heirs, or assigns, or to pay his creditors.

This evidence of this absolute payment is of a two-fold character; first, by absolute contract, second, such as the law will infer from the nature of the transaction.

As there is no proof of express contract in this case, will the facts justify a determination by law of absolute payment?

It will be observed in all these cases that however the transactions may be changed and the original evidences of the vendee's debt surrendered yet if in the new transaction he by assignment, indorsement, or otherwise remain bound to the vendor, or if the vendor by indorsement or suretyship remain liable to refund or repay what he may receive from the vendee, it is not regarded by law as an absolute payment, even when the vendor has surrendered the note of the vendee; how much less so when he neither surrenders the evidence of indebtedness by the vendee nor executes to him a receipt.

Now in the case cited from Grattan, had the vendor's creditor, instead of surrendering an indebtedness on the vendor, loaned money on the vendee's note with vendor as security the analogy to the present case would have been perfect, except that the vendor there surrendered to the vendee his note which Brown did not do. Or had Brown owed the bank and it had surrendered his note instead of paying the money when Harlan's note with Brown as security was discounted the analogy would have been perfect, with the same exception, which makes Brown's case the stronger.

What principle of law or justice authorizes a distinction on these facts? Would it have in the least altered the principle in the Virginia case had the vendor's creditor paid money on the vendee's note with him as surety, instead of surrendering to him his note? Whether the vendee paid the vendor in money or his note mattered not; it was because the vendor remained liable to refund what he got from the vendee; therefore, no absolute payment would be inferred as long as his liability continued nor does it matter that the bank paid money on Harlan and Brown's note instead of surrendering to Brown his own note.

That Brown can never be compelled, under the principles of these decisions, to surrender the legal title until he is discharged from all liability to refund the money to the bank is certain, in the absence of proof that it was agreed by him to receive the money as an absolute payment on Harlan's purchase from him.

Whilst in this State an assignment of the note for purchase price is an assignment *pro tanto* of the lien upon the land, yet in several of the States it is not; yet these States hold that where the vendor assigns the note and may have to take it up he holds the lien until he is fully exonerated from liability, whilst his assignee holds the debt; therefore, when he assigns the note without recourse these States determine the lien is gone, because the vendor, not being liable, cannot hold the lien to indemnify himself whilst another hold the debt, and such is laid down in Smith's Leading Equity Cases. Judges Robertson and Hardin do not concur in these views but still adhere to their original opinion.

The holding of the title by the vendor as mortgagee or in analogy to a mortgage would seem to authorize a conclusion that the widow should be allowed dower in preference to the vendor, and whilst we do not feel very confident of this position under the peculiar circumstances of this case, the court being equally divided on the main question but inclined to concur in allowing the widow dower prior to Brown's claim to have the bank debt paid, we have determined to modify the opinion so far as to direct an allowance of dower to Mrs. Harlan so far as the bank debt for which Brown is still liable is concerned, and as to all else the petition is overruled.